AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 21-mj-2788
) 
The Cellular Telephone Assigned to Call Number )
615-609-9206 )
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____unknown_____ District of _____unknown_____
*(identify the person or describe the property to be searched and give its location):*
See Attachment A. This court has the authority to issue this warrant under 18 U.S.C. Sections 2703(c)(1)(A), and 2711(3)(A). Because the government has satisfied the requirements of 18 U.S.C. Section 3122, this warrant also constitutes an order under 18 U.S.C. Section 3123.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachments A, B-1, B-2

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property **YOU ARE COMMANDED** to execute this warrant on or before _____
*(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m. ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge _Jeffery Frensley_____.
*(name)*

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☑ for __30__ days *(not to exceed 30).*
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 2.25.2021; 8:30 AM          _____[signature]_____
                                                        *Judge's signature*

City and state: Nashville, Tennessee          Jeffery Frensley, United States Magistrate Judge
                                              *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: 2/26/2021 | Copy of warrant and inventory left with: —— |
| Inventory made in the presence of : FBI SA Carla Rexing | | |
| Inventory of the property taken and name of any person(s) seized: | | |

First ping 3/1/2021 @ 10:15PM, No location returned
Last ping 3/27/2021 @ 1:52AM, No location returned

Historical records received pursuant to search warrant.

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 6-22-2022

_Carla M Rexing_
Executing officer's signature

Carla Rexing, FBI Special Agent
Printed name and title

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **615-609-9206,** (**"TARGET TELEPHONE"**), whose wireless service provider is **T-Mobile**, a company headquartered in Parsippany, New Jersey ("PROVIDER").

2. Records and information associated with the **TARGET TELEPHONE** that is within the possession, custody, or control of **PROVIDER,** including information about the location of the cellular telephone if it is subsequently assigned a different call number.

# ATTACHMENT B-1

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

All information about the location of the TARGET TELEPHONE described in Attachment A for a period of 30 days, during all times of day and night. "Information about the location of the TARGET TELEPHONE" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A. "Information about the location of the TARGET TELEPHONE" also includes all call detail records, including records generated by voice, text, SMS, MMS, data sessions, timing advance data, with cell site and sector data.

It also includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C § 3123 by the service provider and the Federal Bureau of Investigation. The pen register / trap and trace device shall be transferable to any change dialed number subsequently assigned to TARGET TELEPHONE; any changed Electronic Serial Numbers ("ESN"), International Mobile Subscriber Identifiers ("IMSI"), or Subscriber Identity Modules ("SIM") subsequently assigned the same dialed number as the target cell phone; or any additional changed dialed number, ESN, IMSI or SIM listed to the same subscriber account as the target cell phone.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of PROVIDER,

PROVIDER is required to disclose the Location Information to the government. In addition, PROVIDER must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with PROVIDER's services, including by initiating a signal to determine the location of the TARGET TELEPHONE on PROVIDER's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate PROVIDER for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that will assist in arresting SMITH, who was charged with violating 18 U.S.C. §§ 2251 and 2252A between May 2018 through March 2020, is the subject of an arrest warrant issued on February 24, 2021, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# ATTACHMENT B-2

## Particular Things to be Seized

1. **Information to be Disclosed by the Provider**

   To the extent that the described in Attachment A is within the possession, custody, or control of PROVIDER, including any information that has been deleted but is still available to the PROVIDER or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the PROVIDER is required to disclose to the government the following information pertaining to the TARGET TELEPHONE listed in Attachment A:

   a. The following information about the customers or subscribers associated with the TARGET TELEPHONE for the time period January 24, 2021 through February 23, 2021.

      i. Names (including subscriber names, user names, and screen names);

      ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

      iii. Local and long-distance telephone connection records;

      iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

      v. Length of service (including start date) and types of service utilized;

      vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

      vii. Other subscriber numbers or identities (including the registration IP address);

1

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

ix. Device identifiers (IMEI) for all devices (watches, HUM, tablets, etc.) that are connected or paired to this number/subscriber account.

x. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the TARGET PHONE NUMBER/Account, including:

- A. The date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

- B. Information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

- C. All available per-call measurement data and timing advance reports, to include 1X, EVDO, LTE, IP session, and Data.

- D. All wire and electronic communications including voice, text/SMS, MMS, and data sessions. Records include any and all available Mediation Reports, Call Detail Records, Volte records, True Call Records, TDOA Records, NELOS, PCMD, EVDO, 1X, LTE, RTT, IPDR, FDR, TDR, BDR, or Ceer/X-Mine 2/IPv6 reports.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of PROVIDER, PROVIDER is required to disclose the Location Information to the government. In addition, PROVIDER must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with PROVIDER's services, including by initiating a signal to determine the location of the TARGET TELEPHONE on PROVIDER's network or with such other reference points as may be reasonably available, and at such intervals and times directed by

2

the government. The government shall compensate PROVIDER for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).

3

## II. Information to Be Seized by the Government

Information described above in Section I that will assist in arresting SMITH, who was charged with violating 18 U.S.C. §§ 2251 and 2252A between May 2018 through March 2020, is the subject of an arrest warrant issued on February 24, 2021, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

4